FILED

16 AUG 18 PM 3: 06

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BASIMA BAHOO,<br><br>                              Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security<br><br>                              Defendants. | CASE NO. 15cv523 WQH (KSC)<br><br>**ORDER** |

HAYES, Judge:

The matter before the Court is the Report and Recommendation (ECF No. 18) issued by United States Magistrate Judge Karen S. Crawford, recommending that the motion for summary judgment (ECF No. 13) filed by Plaintiff be denied and that the cross-motion for summary judgment (ECF No. 14) filed by Defendant be granted.

## I.   BACKGROUND

On January 18, 2012, Plaintiff filed an application for Social Security Income Benefits ("SSI"), alleging disability beginning on August 1, 2011. (ECF No. 10-5 at 2-11). On February 3, 2012, Plaintiff's application was denied. (ECF No. 10-4 at 2). On April 24, 2012, Plaintiff's request for SSI was denied on reconsideration. *Id.* at 10.

On June 25, 2012, Plaintiff requested an administrative hearing before an Administrative Law Judge ("ALJ"). *Id.* at 15. A hearing was held on August 12, 2013. (ECF No. 10-2 at 47-56).   Plaintiff testified at the hearing, as did Molly Catzil, a

vocational expert. *Id.* at 55-57. On August 30, 2013, the ALJ found that:

> 1. The claimant has not engaged in substantial gainful activity since January 9, 2012.
>
> 2. The claimant has the "severe" impairments of left knee conditions and obesity, but does not have an impairment or a combination of impairments that meets or equals in severity an impairment listed at Appendix 1 to Subpart P of Regulations no. 4.
>
> 3. The claimant's allegations and those made on his behalf are credible only to the extent they are consistent with Finding no. 4 below.
>
> 4. The claimant has the residual functional capacity for a [sic] sedentary work, and must use a cane for prolonged ambulation.
>
> 5. The claimant has no past relevant work.
>
> 6. Considering her medical/vocational profile, the claimant is "not disabled" under the framework of Rule 201.18 and/or 201.21/201.22. Although the claimant cannot perform the full range of unskilled light work (due to lingual limitations), jobs exist in significant number in the national economy she can perform, including those specially identified by the vocational expert (eye dropper, lens inserter, and sack repairer).
>
> 7. The claimant has not been under a "disability" within the meaning of the Social Security Act at any time through the date of this decision.

(ECF No. 10-2 at 29-30).

On September 9, 2013, Plaintiff submitted a request for review of the ALJ's decision with the Appeals Council. (ECF No. 10-2 at 17-22). The Appeals Council then denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). *Id.* at 4-6.

On March 6, 2015, Plaintiff commenced this action for judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). (ECF No. 1).

On August 31, 2015, Plaintiff filed a Motion for Summary Judgment. (ECF No. 13). On October 2, 2015, Defendant filed a Cross-Motion for Summary Judgment, (ECF No. 14), and an Opposition to Plaintiff's Motion for Summary Judgment. (ECF No. 15). On October 15, 2015, Plaintiff filed a Reply in support of her Motion for Summary Judgment. (ECF No. 17).

On June 6, 2016, the Magistrate Judge issued a Report and Recommendation. (ECF No. 18). The Magistrate Judge stated in part,

1
2
3
4

> Substantial evidence in the Administrative Record supports the ALJ's conclusion that plaintiff has limited proficiency but is not illiterate or unable to communicate in English. Substantial evidence further supports the ALJ's conclusion that plaintiff is not disabled under the Vocational Guidelines, even though her English language skills are limited, because she retains the residual functional capacity to do sedentary work that is available in significant numbers in the regional and national economies.

5  *Id.* at 27. The Magistrate Judge recommended that Plaintiff's Motion for Summary

6  Judgment be denied and Defendant's Cross-Motion for Summary Judgment be granted.

7  On June 20, 2016, Plaintiff filed objections to the Report and Recommendation.

8  (ECF No. 19). Plaintiff objects to the Magistrate Judge's conclusions that the ALJ did

9  not err in finding that Plaintiff is not illiterate or unable to communicate in English, and

10  that Plaintiff's testimony is not credible. *Id.* at 3. Plaintiff contends that this Court

11  should credit Bahoo's testimony as true and reverse and award benefits to Bahoo or,

12  in the alternative, remand this matter for further administrative proceedings. *Id.* at 10-

13  11.

14  **II.  STANDARDS OF REVIEW**

15  **A.  District Court Review of a Report and Recommendation**

16  The duties of the district court in connection with a report and recommendation

17  of a magistrate judge are set forth in Federal Rule of Civil Procedure 72(b) and 28

18  U.S.C. § 636(b). The district court must "make a de novo determination of those

19  portions of the report . . . to which objection is made," and "may accept, reject, or

20  modify, in whole or in part, the findings or recommendations made by the magistrate."

21  28 U.S.C. § 636(b). The district court need not review de novo those portions of a

22  report and recommendation to which neither party objects. *See Wang v. Masaitis*, 416

23  F.3d 992, 1000 n.13 (9th Cir. 2005); *U.S. v. Reyna-Tapia*, 328 F.3d 1114, 1121-22 (9th

24  Cir. 2003) (en banc).

25  **B.  Review of Denial of a Disability Claim**

26  When an applicant's claim for disability benefits under the Social Security Act

27  has been denied, she may seek judicial review of the Commissioner's decision. *See* 42

28  U.S.C. § 405(g). Where, as in this case, "the Appeals Council denies a request for

1  review of an ALJ's decision, the decision of the ALJ represents the final decision of

2  the Commissioner." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 n.1

3  (9th Cir. 2004) (citing 20 C.F.R. § 404.981). A reviewing court will reverse the ALJ's

4  decision only if "it is based upon legal error or is not supported by substantial

5  evidence." *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citation

6  omitted). "Substantial evidence is such relevant evidence as a reasonable mind might

7  accept as adequate to support a conclusion" and is "more than a mere scintilla but less

8  than a preponderance." *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (citation

9  omitted). "If the record would support more than one rational interpretation, we defer

10  to the ALJ's decision." *Bayliss*, 427 F.3d at 1214 n.1 (citation omitted).

11  **III.  ANALYSIS**

12  Plaintiff does not dispute the ALJ's residual functional capacity assessment

13  concluding that she is restricted to sedentary work but argues that she should be

14  considered "disabled" under the Vocational Guidelines because she is (1) illiterate

15  and/or unable to communicate in English and (2) unskilled or has no past relevant work

16  history. Additionally, Plaintiff contends that her testimony regarding her medical

17  condition should be found credible.

18  **A.  Determination of Plaintiff's English Language Ability**

19  In the written opinion dated August 30, 2013, the ALJ stated,

20  SSA did not categorize the claimant as illiterate or unable to communicate
21  in English (Ex 2A). This conclusion is buttressed by the factors . . .
   including conflicting statements regarding her lingual abilities, her being
22  certified for and working in this country, presentations to medical sources,
   and the ALJ's ultimate assessment of credibility. . . . The ALJ finds she
   is not illiterate in or unable to communicate in English.

23

24  SSA utilized Rule 201 18 at Appendix 2 as its framework for decision-
   making, which calls for a finding of "not disabled" (Ex 2A). This Rule
25  applies to an individual with no or unskilled work who is literate and able
   to communicate in English, but has a "limited or less" education. Since
   this claimant has an advanced education, no Rule directly applies (given
26  her skilled work history, albeit distant, she may more closely approximate
   Rule 201.21 or 201 22) In any event, the only sedentary work that calls
27  for a finding of "disabled" for an individual ages 45-49 is 201.17,
   describing an individual who is illiterate or unable to communicate in
28  English and has no or unskilled work. This does not apply to the claimant.

- 4 -                                    15cv523 WQH (KSC)

Assuming arguendo that the ALJ classified the claimant as illiterate or unable to communicate in English, she would still shy from Rule 201.17. This contemplates an individual with only adverse vocational factors and not the type of history and experience this claimant possesses. Although the claimant reportedly last performed nursing work in Iraq slightly more than 15 years ago, she obviously has skills that place her in better stead than an individual who has never worked or has only done unskilled work. Additionally, the claimant has recent education and employment in this country (at least semi-skilled) that, though arguably not relevant work, clearly places her in better position to work than an individual with no or unskilled work The claimant did in fact work in this country, failing in this greater than sedentary job only because of her knee problems. Given these circumstances, the ALJ would utilize Rules 201.21 or 201.22, not Rule 201.17.

(ECF No. 10-2 at 28-29).

In the Report and Recommendation, the Magistrate Judge concluded that "[s]ubstantial evidence in the Administrative Record supports the ALJ's conclusion that plaintiff has limited proficiency but is not illiterate or unable to communicate in English." (ECF No. 18 at 27).  The Magistrate Judge explained,

First, the record includes the Disability Report- Field Office, which was completed on January 18, 2012 as a result of a face-to-face interview between plaintiff and an interviewer identified as "H. Aguirre." [Doc. No. 10-6, at p. 3-4].  In the Observations section of the Disability Report, the interviewer indicated plaintiff was coherent and did not have difficulty hearing, reading, breathing, understanding, concentrating, talking, answering, seeing, using her hands, or writing. [Doc. No. 10-6, at p. 3.]

In pertinent part, the form in the record entitled Disability Report - Adult includes the following questions and responses:
1. G   Can you speak and understand English? Yes.
          If "No", what language do you prefer? [No response.]
          If you cannot speak and understand English, we will provide an interpreter, free of charge.
1. H   Can you read and understand English? No
2. F   Who is completing this report? The person who is applying for disability.
[Doc. No. 10-6, at p.5.]

Next, the record also includes a Work History Report form that was completed by hand and signed on January 28, 2012. [Doc. No. 10-6, at pp. 2-17.] The responses are written in simple English using the first person, indicating plaintiff filled the form out herself and has a basic ability to read, write, and follow simple instructions in English. For example, the form states: "List all of the jobs that you had in the 15 years before you became unable to work because of your illnesses, injuries, or conditions." [Doc. No. 10-6, at p. 14,] The handwritten responses states that plaintiff worked in a hospital as a nurse from 1982 to 1995 and worked at home taking care of children in 2011.  Referring to the job in child care, the response goes on to state in part as follows: "I stop working I cant too much pain in all my body. Im very happy with this job I dont have kids

1   put[sic] Im very sick I cant do anything when have cancer all time. . ."
    [Doc. No. 10-6, at p. 14]

2
    At the hearing before the ALJ, the record shows plaintiff was assisted by
3   an interpreter. [Doc. No. 10-2, at p. 25] . . . As outlined above, there are
    a number of notations in medical notes made by plaintiff's doctors
4   indicating she communicated with them through an interpreter during
    medical appointments. On the other hand, there are a number of medical
5   notes that do not include any such notations. Although two of plaintiff's
    doctors wrote letters about plaintiff's "lingual abilities" in connection
6   with her claim for disability benefits, they are not very helpful. Dr. Eve's
    letters says plaintiff has "poor English." [Doc. No. 10-7, at p. 180.] It does
7   not indicate plaintiff cannot communicate at all in English. Likewise, Dr.
    Held's letter only states that plaintiff *appears* unable to speak or read
8   English." [Doc. No. 10-7, at p. 181 (emphasis added).]. . .

9   *Id.* at 21-23.

10      Addressing Plaintiff's arguments in support of her Motion for Summary

11  Judgment, the Magistrate Judge explained,

12      Plaintiff's arguments are unconvincing, because they are unsupported
        and/or contradicted by the record. There is only one form from the initial
13      application process that includes a notation indicating it was completed
        by someone other than plaintiff. This is the Disability Report - Field
14      Office, which was completed by a face-to-face interviewer on or about
        January 18, 2012, at the time plaintiff was completing the initial
15      paperwork for her application. [Doc. No. 10-6, at p. 3.] As noted above,
        the interviewer indicated plaintiff did not have any difficulty hearing,
16      reading, understanding, talking, answering, or writing. [Doc. No. 10-6, at
        p. 3.] Although the form includes space for observations and other
17      comments, the interviewer did not in any way indicate there was any
        language barrier during the interview. [Doc. No. 10-6, at p.3] There is no
18      other evidence in the record to prove with any degree of certainty that
        plaintiff was unable to complete the forms on her own or that someone
19      else completed the forms for her because she was unable to do so. Nor
        would it be appropriate for the Court to consider evidence on this issue
20      that is outside the administrative record. 42 U.S.C. § 405(g); *Baker v.
        Barnhart,* 457 F.3d 882, 891 (8th Cir. 2006).

21
        In sum, there was conflicting evidence in the record regarding plaintiff's
22      ability to understand, speak, read, and write in English. However, it was
        the ALJ's duty to resolve any conflicts in the evidence and to make
23      determinations about credibility. *Connett v. Barnhart,* 340 F.3d 871, 873
        (9th Cir. 2003); *Edlund v. Massanari,* 253 F.3d 1152, 1156 (9th Cir.
24      2001). The ALJ's decision indicates that she considered all relevant and
        probative evidence and appropriately resolved the conflict. For the
25      reasons outlined more fully above, it is further apparent that the ALJ had
        reason to doubt plaintiff's credibility. The evidence in the record is
26      consistent with a finding that plaintiff has basic literacy and
        communication skills in English, but she prefers to use a translator when
27      she must communicate and understand at a more advanced level, such as
        when she is speaking with a physician or participating in the hearing with
28      the ALJ. In other words, the record includes substantial evidence from
        which the ALJ could reasonably infer that plaintiff's English language

15cv523 WQH (KSC)

abilities were limited but not as much as plaintiff claimed in her testimony.

*Id.* at 26-27.

Plaintiff objects to the Magistrate Judge's conclusion that the ALJ did not err in finding that Plaintiff is not illiterate in or unable to communicate in English. (ECF No. 19 at 3). Specifically, Plaintiff objects to the Magistrate Judge's reliance on several documents, including the Disability Report titled, Form SSA - 336-7 and the Disability Report titled Form SSA - 3368, as evidence that Plaintiff is not illiterate and unable to communicate in English because those documents are inconclusive. Plaintiff objects to the Magistrate Judge's use of the Work History Report as evidence because it is not clear that Bahoo filled out the form herself.

Plaintiff objects to the Magistrate Judge's use of the medical records that do not include notations indicating Plaintiff's inability to communicate in the English language because medical records should not be used as conclusive evidence for disability determinations. Plaintiff further contends that Plaintiff's education from another country and the fact that she took courses to become a certified babysitter and work at a daycare should not be indicative of her ability to communicate in English because a foreign education is generally not indicative of the ability to communicate in English and "there is nothing inherent in the taking of courses; attaining a babysitter license; and babysitting children that necessarily required the ability to communicate or read/write in the English language." *Id.* at 7.

This Court has reviewed all of the records and the Report and Recommendation and concludes that the evidence supports the ALJ's finding that Plaintiff is not illiterate in or unable to communicate in English. The Disability Report titled, Form SSA - 336-7, which was completed as a result of a face-to-face interview between plaintiff and an interviewer, indicated that Plaintiff did not have trouble reading, understanding, talking, and answering in English. In the Disability Report titled, Form SSA - 3368, the Plaintiff indicated that she can speak and understand English. The Work History Report was completed by hand and signed by Plaintiff provides evidence that Plaintiff

1    has communication skills in English. In that Report, the responses were written in
2    simple English using the first person which supports the conclusion that Plaintiff filled
3    out the form herself and has the ability to read, write, and understand basic English.
4    Plaintiff's prior experience as a certified babysitter and her work at a daycare also
5    supports the ALJ's conclusion that Plaintiff has some communication skills in English.
6    The ALJ did not commit legal error when she considered the fact that Plaintiff took
7    courses to become a certified babysitter. SSA regulations require the ALJ to consider
8    information about the claimant's "formal or informal education [she] may have through
9    [her] previous work, community projects, hobbies, and any other activities which might
10   help [her] work." 20 C.F.R. § 416.964(b)(6).

11        Given the two Disability Reports, the Work History Report, the notations in the
12   medical records, Plaintiff's prior foreign education, and Plaintiff's prior work
13   experience, the Magistrate Judge correctly concluded that the ALJ's finding that
14   Plaintiff is not illiterate in or unable to communicate in English was supported by
15   sufficient evidence.[1]

16        **B.    Credibility Determination**

17        Plaintiff objects to the Magistrate Judge's conclusion that the ALJ did not err in
18   finding that Plaintiff's testimony regarding her medical condition is not credible.
19   Plaintiff contends that "the alleged lack of support from the medical evidence cannot
20   be the sole basis for rejection of a claimant's testimony." (ECF No. 19 at 10). Plaintiff
21   contends that the "ALJ failed to articulate clear and convincing reasons for rejecting
22   Basima Bahoo's testimony." *Id.*

23        Congress expressly prohibits granting disability benefits based solely on
24   subjective complaints. 42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529(a) (explaining
25   that "statements about your pain or other symptoms will not alone establish that you

26

27        [1]The Court does not reach the argument regarding Plaintiff's skills or past work
28   history because Section 201.17 does not apply to Plaintiff. Section 201.17 is inapplicable because the ALJ did not err in finding that Plaintiff is not illiterate in or unable to communicate in English.

1    are disabled. . .").  The ALJ is also prohibited from rejecting or discrediting claims of
2    excess pain testimony based solely on the lack of objective medical support in the
3    record.  *See Light v. Social Security Administration*, 119 F.3d 789,792 (9th Cir. 1997).
4    In this case, Plaintiff's testimony about increased and excessive pain was in conflict
5    with medical records that describe "mild improvement." (ECF No. 18 at 18).  Plaintiff's
6    records do not indicate any signs of worsening conditions nor any signs to collaborate
7    Plaintiff's testimony that she could not "lift and carry more than one pound." *Id.* at 19.
8    Plaintiff's testimony concerning her worsening conditions conflicts with medical
9    records, which state that the Plaintiff "did well post-surgically," is "overall doing well,"
10   and has "decreased use of narcotics." *Id.* Based on the record, the Court concludes that
11   the Magistrate Judge correctly concluded that the ALJ met her burden of providing
12   clear and convincing reasons of rejecting Plaintiff's testimony based on credibility.

13   **IV.        CONCLUSION**

14          After a de novo review of those portions of the Report and Recommendation to
15   which Plaintiff objected, and after a review of the ALJ's decision and the
16   Administrative Record, the Court finds that the Magistrate Judge correctly evaluated
17   the facts and correctly applied the controlling law in this case.  The Court concludes
18   that the ALJ's decision is supported by substantial evidence and is free of legal error.

19          **IT IS HEREBY ORDERED** that (1) the Report and Recommendation (ECF
20   No. 18) is ADOPTED in its entirety; (2) Plaintiff's Motion for Summary Judgment
21   (ECF No. 13) is DENIED; and (3) Defendant's Cross-Motion for Summary Judgment
22   (ECF No. 14) is GRANTED.   The Clerk of the Court shall enter judgment for
23   Defendant and against Plaintiff.

25   Dated:   8/18/16

26                                          **WILLIAM Q. HAYES**
                                            United States District Judge